UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SENZO ALBERT MKHIZE
(A#243-162-771),

Petitioner,

v.

WARDEN,

Respondent.

No.  1:26-cv-02784-DC-SCR

ORDER AND

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

I.      **Factual and Procedural History**

Petitioner is a national of South Africa who is currently detained at the California City Detention Facility, located within this judicial district.  ECF Nos. 1, 9-1 (I-213 Record).  Petitioner was admitted into the United States on May 12, 2016, on a H-2B visa, but overstayed his authorization.[1]  ECF No. 1 at 5, ECF No. 9-1.  While in this country, he married a U.S. citizen and they had a child together.  ECF No. 1 at 5.  He was arrested in December 2025 for

---

[1]  The undersigned takes judicial notice of exhibits from petitioner's immigration record that respondent submitted with their answer.  See Dent v. Holder, 627 F.3d 365, 371 (9th Cir. 2010) (taking judicial notice of "official agency records" from a noncitizen's A-file).

1

misdemeanor domestic battery which was "dropped/abandoned" on January 7, 2026. ECF No. 9-2 at 5.

Immigration and Customs Enforcement ("ICE") arrested petitioner on January 9, 2026 pursuant to an administrative warrant. ECF Nos. 9-2 (Rap Sheet), 9-3 (Warrant). Petitioner acknowledges in his § 2241 petition, that he was given a bond hearing before an Immigration Judge ("IJ") on January 20, 2026. ECF No. 1 at 5. The IJ did not make a decision about his bond on that date. ECF No. 1 at 5. Liberally construing his pro se habeas application, petitioner challenges his detention on the ground that it violates the Fifth Amendment Due Process Clause. ECF No. 1. By way of relief, petitioner seeks immediate release or, in the alternative, a bond hearing before an IJ where the government has the burden of demonstrating by clear and convincing evidence that he is a flight risk or a danger. ECF No. 1 at 17.

Respondent acknowledges that petitioner is detained pursuant to 8 U.S.C. § 1226(a) as he was lawfully admitted, but is subject to removal since he overstayed his visa. ECF No. 9. Based on the discretionary detention authority in this case, respondent concedes that petitioner "is entitled to a custody redetermination hearing" before an IJ. ECF No. 9 at 4. However, petitioner already "received an initial hearing, and through counsel asked the immigration judge to take no action so that he could renew his request for a custody redetermination rather than have bond denied." Id., see also ECF No. 8 (audio transcript of custody redetermination hearing of January 20, 2026). Since petitioner has not filed another custody redetermination request, respondent contends that he has failed to exhaust his administrative remedies and that this failure should not be excused in this case. ECF No. 9 at 4-5. "The immigration court and, if necessary, BIA should be permitted to review the custody determination in the first instance." ECF No. 9 at 5. Respondent also submits that petitioner's habeas claims fail on the merits. ECF No. 9 at 7.

Petitioner did not file a reply brief and the time to do so has expired.

**II.     Analysis**

In this case, the parties agree that petitioner is detained pursuant to 8 U.S.C. § 1226(a). Moreover, the record shows that petitioner previously requested and was granted a bond hearing but that at the bond hearing, through counsel, petitioner requested that the IJ not issue a formal

2

decision, given that it appeared the IJ would deny bond.  The record further indicates that petitioner has not requested a new IJ bond hearing.

Under these circumstances, the petition should be denied without prejudice based on petitioner's failure to exhaust administrative remedies.  "If a petitioner fails to exhaust prudentially required administrative remedies, then 'a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies,'" unless exhaustion is excused.  Hernandez v. Sessions, 872 F.3d 976, 988 (9th Cir. 2017) (citing Leonardo v. Crawford, 646 F.3d 1157, 1161 (9th Cir. 2011)).  Petitioner has provided no argument as to why exhaustion should be excused under the circumstances of his case.

Accordingly, IT IS HEREBY ORDERED that:

1.  Petitioner's motion to proceed in forma pauperis (ECF No. 2) is granted.

2.  Petitioner's motion to appoint counsel (ECF No. 3) is denied as unnecessary in light of the recommendation contained herein.

IT IS FURTHER RECOMMENDED that:

1.  Petitioner's application for a writ of habeas corpus (ECF No. 1 ) be dismissed without prejudice based on his failure to exhaust administrative remedies.

2.  The Clerk of the Court be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  The parties

////

////

3

are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 8, 2026

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE